# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:11cr57 (MRK) |
| | : | No. 3:11cr66 (MRK) |
| | : | |
| JOSE ARZUAGA, et al., and | : | |
| JOSE LABRADOR | : | |

## RULING AND ORDER

The Defendants in these cases have filed a variety of discovery motions [docs. # A230, A235-A242, L11-L17, L38-L39],[1] as well as a Motion to Dismiss [doc. # L36] and a Motion in Limine regarding 404(b) evidence [doc. # L37]. In this Ruling and Order, the Court rules on all pending motions.

    **1.**    **Motions Regarding Prior Misconduct [docs. # L11, L37, A241].**

Defendants Angel Garcia and Jose Labrador have moved for an order requiring the Government to disclose any evidence pursuant to Rule 404(b) of *Federal Rules of Evidence*. Mr. Labrador has also moved in limine to preclude the Government from offering evidence admissible under Rule 404(b) during its case-in-chief. Mr. Garcia and Mr. Labrador have each been provided with their criminal records. The Government has stated that it does not intend to introduce any 404(b) evidence during its case-in-chief. Given the Government's representation, Mr. Garcia's and Mr. Labrador's 404(b) Motions [docs. # L11, A241] are DENIED as moot. Mr. Labrador's Motion in Limine [doc. # L37] is also DENIED without prejudice to renewal at trial.

---

[1] Because these cases have been assigned two case numbers, the docket numbers below are preceded by "A" if they come from *United States v. Arzuaga*, No. 3:11cr57 (MRK), or by "L" if they come from *United States v. Labrador*, No. 3:11cr66 (MRK).

1

2. **Motion for Production of Agents' Notes [doc. # L39, A240].**

The Government has agreed to preserve all agent notes and to comply with *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972), and *Jencks v. United States*, 353 U.S. 657 (1957), as modified by the Jencks Act, 18 U.S.C. § 3500. If the Government expects law enforcement agents to testify at trial, it needs to inform defense counsel of that fact at the earliest possible time. Defense counsel may then move for production of the relevant law enforcement notes. For the present, however, Mr. Labrador's and Mr. Garcia's Motions for Production of Agents' Notes [docs. # L39, A240] are DENIED as moot.

3. **Motion for Statements of Co-Conspirators [doc. # A239].**

It is established law in the Second Circuit that co-conspirator statements are not discoverable. In *United States v. Percevault*, 490 F.2d 126, 129 (2d Cir. 1974), the Second Circuit held that co-conspirator statements were not discoverable before trial under Rule 16 of the *Federal Rules of Criminal Procedure* and further found that the Jencks Act prohibited disclosure until the declarant testified in the Government's case-in-chief. Mr. Garcia's Motion for Disclosure of Statements of Co-Conspirators [doc. # A239] is DENIED on the merits, but the Government must adhere to *Brady*, 373 U.S. 83, and *Giglio*, 405 U.S. 150. To the extent that the Government calls any co-conspirator, any statements must be produced in accordance with the Jencks Act, 18 U.S.C. § 3500.

4. **Motions for Brady and Giglio Materials [docs. # L12, L14, A235, A236].**

As noted above, the Government has agreed to comply with *Brady*, 373 U.S. 83, and *Giglio*, 405 U.S. 150. The Government should therefore turn over the appropriate material to Mr. Garcia and Mr. Labroador. Accordingly, Defendants' Motion for Release of Brady Materials and Motion for Giglio Material [docs. # L12, L14, A235, A236] are GRANTED.

### 5. Motion for Early Disclosure of Jencks Act Materials [docs. # L15, A237].

The Government states in its brief that it has disclosed all materials encompassed by Rule 16 of the *Federal Rules of Criminal Procedure*. The Jencks Act, 18 U.S.C. § 3500, is another matter. The Second Circuit has held that a district court's power to order disclosure of Jencks Act material must be consistent with the Jencks Act. *See United States v. Coppa*, 267 F.3d 132, 145-46 (2d Cir. 2001). The statute says that disclosure of witness statements need only be made after the witness has testified on direct examination. *See* 18 U.S.C. § 3500(b). As trial has not yet commenced, Mr. Garcia's and Mr. Labrador's Motions for Disclosure [doc. # L15, A237] are DENIED.

### 6. Motions for Pretrial Disclosure of Demonstrative Evidence [doc. # A242].

The Government represents that it has no demonstrative evidence at this time. However, the Government represents that it will disclose demonstrative evidence promptly should it obtain any. The Court DENIES Mr. Garcia's Motion for Disclosure [doc. # A242] without prejudice to renewal, so long as the Government discloses any demonstrative evidence to Defendants promptly, as it has represented it will do.

### 7. Motion for Notice of Intent to Use Evidence [doc. # L13].

The Government represents that it intends to introduce evidence about the heroin and cocaine charged in the indictment. The Government further represents that it has disclosed all of this evidence to the Defendants or—in the case of physical evidence—made it available for their inspection. The Defendants can move to suppress this evidence if they can mount a motion to suppress. Mr. Labrador's Motion [doc. # L13] is DENIED on its merits.

**8. Motion to Share Discovery Materials with Defendants [doc. # L17].**

The Government represents that is has made arrangements to have discovery materials made available at the Wyatt Detention Facility. In light of the Government's representation, the Mr. Labrador's Motion [doc. # L17] is DENIED on the merits.

**9. Motion for Bill of Particulars [docs. # L38, A230, A238].**

Mr. Labrador's, Mr. Nieves's, and Mr. Garcia's Motions for a Bill of Particulars [docs. # L38, A230, A238] are DENIED on the merits. A request for a bill of particulars is granted to inform defendants of the charges against them and to help them in preparing their defense. Given how much information the Government has already provided, defendants should not be in the dark concerning the evidence the Government intends to introduce at trial. In *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998), the Second Circuit held that a district court did not abuse its discretion in denying a bill of particulars in a narcotics conspiracy, particularly when the Government has provided discovery. The Government has provided more than ample discovery.

**10. Motion for Notice of Intent to Use Residual Hearsay Evidence [doc. # L16].**

The Government has represented that it does not intend to introduce any evidence under Rule 807 of the *Federal Rules of Evidence*. Given this representation, Mr. Labrador's Motion for Disclosure [doc. # L16] is DENIED as moot. If the Government decides to invoke the residual hearsay exception, it shall provide notice to the Defendants in advance of trial.

**11. Motion to Dismiss Counts 1 and 2 [doc. # L36].**

Mr. Labrador moves to dismiss the Indictment because it fails to inform him of the nature of the charges against him. The Grand Jury charged Mr. Labrador in a drug conspiracy. The Government represents that it has turned over to Mr. Labrabor all the evidence it has containing

the charges. The Motion to Dismiss the Indictment [doc. # L36] is DENIED on the merits. *See*

*.United States v/Barnes*, 158 F.3d 662, 664-65 (2d Cir. 1998).

**IT IS SO ORDERED.**

  /s/  Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: January 18, 2012.